IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC BELL TELEPHONE COMPANY, | No. C 03-01850 SI |
| Plaintiff, | |
| v. | |
| THE PUBLIC UTILITIES COMMISSION OF THE STATE OF CALIFORNIA, et al., | |
| Defendants. | |
| VERIZON CALIFORNIA, INC., | No. C 04-3092 SI |
| Plaintiff, | |
| v. | |
| THE PUBLIC UTILITIES COMMISSION OF THE STATE OF CALIFORNIA, et al., | |
| Defendants. | |

**ORDER RE: MCI'S MOTION FOR CLARIFICATION OR RECONSIDERATION**

Intervenors/Defendants MCI Worldcom Network Services, Inc. and MCIMetro Access Transmission Services LLC ("MCI") have filed a "motion for clarification, or in the alternative, reconsideration" in response to the Court's April 5, 2005 Order. In that Order, the Court vacated the CPUC's January 30, 2003 Decision ordering the unbundling of HFPL and remanded the issue to the CPUC, in order to allow the CPUC to reach a decision that conforms with the Telecommunications Act and FCC regulations. MCI's motion does not address this aspect of the Court's Order.

The Court's Order also concerned pricing requirements implemented by the CPUC and remanded to the CPUC "to adopt pricing requirements that comply with the TRO and refund any

amount owed to plaintiffs as a result of the pricing requirements in conflict with the TRO." MCI's motion is limited to this aspect of the Court's Order addressing the pricing requirements. Plaintiff SBC California opposes MCI's motion.

In remanding to the CPUC, the Court did not determine whether the CPUC's pricing requirements conflict with the TRO or other FCC regulations. However, the Court did find that the CPUC's January 30, 2003 Decision ordering the unbundling of HFPL was unlawful under the TRO and vacated that Decision. In the unlikely event that the CPUC is able to lawfully determine on remand that the HFPL should be unbundled, the unbundling would only apply prospectively. In those circumstances, the CPUC must adopt pricing requirements for the period between the effective date of the TRO and the date of the valid CPUC unbundling Decision, during which HFPL was unlawfully unbundled. These requirements must comply with the TRO.

If the CPUC determines on remand that it cannot unbundle the HFPL, then it also must adopt pricing requirements that comply with the TRO.

If the CPUC determines on remand that the proper pricing requirements for the HFPL exceed the pricing requirements currently in place, then it should instruct the CLECs to refund the proper amount owed to plaintiffs. The refund period should begin with the effective date of the TRO. In determining whether a refund, or "true-up," is necessary, the CPUC should take relevant interconnection agreement provisions into consideration.

To the extent that the findings in the Court's Order differs from those proposed in defendant MCI's motion, defendant's motion for reconsideration is DENIED. The hearing set for June 24, 2005 is VACATED. [Docket # 129]

**IT IS SO ORDERED.**

Dated: June 22, 2005

S/Susan Illston
SUSAN ILLSTON
United States District Judge